(No. 5094)

LARRY McCAULEY, A Minor, by his Father and next friend, CHARLES McCAULEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 25, 1965.*

WISEMAN AND HALLETT, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

PERLIN, C.J.

Claimant, Larry McCauley, a minor, in this action filed by his father, Charles McCauley, seeks recovery of $5,000.00 for injuries suffered on June 11, 1962, when claimant, then ten years old, slipped and fell on the steps of the McCambridge Viaduct, which was built and is maintained by the Division of Highways of the State of Illinois.

Claimant contends that respondent failed to maintain the steps of the viaduct in a suitable and safe condition by permitting debris to accumulate and remain on the steps, which, as a result of respondent's negligence, caused claimant to slip on the stairs, fall into the path of an automobile and sustain injuries.

Claimant, Larry McCauley, testified that on the day of the accident he had walked about fifteen blocks from his home to go swimming at the Recreation Center in Madison, Illinois with his sister, Charlene, and some other children. He had climbed upstairs on the viaduct, and then crossed the viaduct, which passes over railroad tracks, and has a street and pathway to walk on. He was in the pool when it

started raining, and the children picked up their clothes, and started walking back home. To reach home they had to cross over the viaduct and descend the stairs. Claimant was wearing his swimming trunks, and carrying his other clothes and shoes in his right hand. He stated he was holding the railing with his left hand, as he walked down the stairs. It was raining heavily. The steps were wet, muddy, and slippery. When he reached the fifth or sixth step from the bottom he slipped, but does not know exactly what he slipped on.

A photograph submitted as claimant's exhibit No. 4 showed the steps with debris on them. Claimant testified that the steps had gravel, sand, small rocks, and paper on them, and that the photograph showed the condition of the steps when he fell. He was walking more slowly than usual. He had used the steps about three or four hundred times before, but never in the rain. He lived about a block and a half away from the viaduct. As he descended, one child was in front of him, with about four others behind him, but not close enough to touch him. Claimant said he was going more slowly than his usual speed because he was scared of going down the stairs.

After he slipped, he remembered nothing until he awoke in a restaurant where he was put in an ambulance and taken to the hospital.

Claimant spent three days in the hospital, and his injuries were described as a fractured skull, head split open, stitches in chin and elbow, and sprained left ankle. He testified that, whenever he gets warm, his eye swells, and, whenever he reads, he sees a line down his eye. He had not seen a doctor with regard to the eye condition.

Charlene McCauley, age 13 at the time of the hearing, testified that she was Larry McCauley's sister, and had accompanied her brother to the pool on the day he was in-

jured. She stated that there was no shorter way to get to the swimming pool, and it was necessary to use the stairs to cross the railroad tracks.

At the time of the accident, according to Charlene, there were mud, cinders, paper, little rocks and dirt on all the steps. It was raining heavily when they started down the steps. She saw her brother just before he fell. He was walking with his left hand on the rail. When he fell he rolled to the middle of the road. He was holding on to the rail when he fell, but then let go of it and his clothes. The bottom two steps were muddier than the other steps. On the day of the accident it was not easy to walk on the steps, and one of the other children slipped and almost fell.

Charles McCauley, claimant's father, testified that, in the three years he had lived in the neighborhood, he had never seen the steps clean. According to McCauley, three days after the accident the steps were dirty with trash, mud, cinders, rocks, fresh asphalt, broken glass, and fresh rocks. The only maintenance, which McCauley had noticed in the three years he had lived there, was the cutting of the grass about twice a month. McCauley had gone up and down the stairs in question many times, and described the difficulty in descending them as follows: "It is just straight down, and seems like it pulls you down, as you are coming down; and, with cinders on there and all that paper and trash, you can't watch where you step, and you slip."

McCauley further testified that Larry saw the doctor three times after he left the hospital, but had not seen a doctor with regard to his complaints that his face puffs up when he gets hot, and that he sees a line running through his eye. McCauley stated he does not have enough money to take Larry to a doctor.

Norman L. Soehnlin testified that he was driving a station wagon at about 2:00 P.M. on June 11, 1962, and was

stopping for a sign about thirty or forty feet past the viaduct steps. It was raining hard. His brakes were on, and he was moving about five or ten miles per hour when he saw a flash on the ground to his left, which looked like a boy, and it was a boy. He tapped him with his bumper, but did not run over him. At that time he was about a foot past the bottom of the stairs. The boy looked like he was diving from the stairs, and sliding across the road on his stomach and had landed in a prone position. He was bleeding about the eyes.

Marion E. Norris, District Maintenance Engineer for the Illinois Division of Highways, East St. Louis, testified that McCambridge Viaduct was built and is maintained by the Illinois Division of Highways. It includes about forty-five steps with a seven and one-half inch riser and a twelve inch tread. The steps are approximately four feet in width, with a slope of two feet horizontally to one foot vertically. A concrete platform at the bottom of the stairs is five feet long and five feet wide. The witness did not know the condition of the steps at the time of the accident, although it is a departmental policy to clean the steps every spring when the bridge deck is cleaned. He did not know when the steps in question were cleaned. Respondent produced no further witnesses.

In order to recover, claimant must prove by a preponderance of evidence (1) that the minor claimant exercised that degree of caution and freedom from contributory negligence as children of like age, intelligence and reason would have exercised; (2) that respondent was negligent in its maintenance of the stairway leading to the sidewalk over the viaduct; and, (3) that the negligence of respondent was the proximate cause of the injuries sustained.

Both claimant and his sister testified that he was proceeding slowly down the steps, and was holding on to the

railing with his left hand. No evidence has been introduced, which would suggest that claimant was using less than due care commensurate with his age, as he descended the stairway. There was apparently no nearby alternate route, which the children could have taken across the railroad tracks. It was not unreasonable for a ten year old boy to remove his shoes in the hard rain, when he was accustomed to going without them much of the summer.

Respondent has offered no evidence to counteract the testimony of Charles McCauley that to his knowledge the steps had never been cleaned in the past three years, nor does respondent deny that the steps were covered with debris prior to the accident. This condition remained uncorrected despite frequent visits by respondent's agents when they were cutting grass in the area. Therefore, respondent should have known that the dangerous condition existed, and should have taken reasonable care to remove the debris, which would prove hazardous to persons descending the long flight of stairs.

Although respondent contends that claimant has failed to prove the proximate cause of his fall, it can be reasonably inferred that, if someone is exercising care and holding on to the railing of a stairway covered with wet debris, the condition of the stairway caused the fall. *Holsman* vs. *Darling State Street Corp.*, 6 Ill. App. 2d 517, 128 N.E. 2d 581 (1955).

Claimant, Charles McCauley, has testified that the minor claimant has not seen a doctor with regard to the swelling in the area of his eye, and the line he sees through his eye, because he cannot afford medical care. In the absence of any medical evidence, the Court is unable to assess damages with regard to this aspect of the injury claim.

Claimant did establish that Larry suffered an injury to his head, and at the time of the hearing the record noted

that he had a two inch scar over his eye, a scar on his chin, and one on his elbow. The hospital and doctor bills were covered by amounts of $101.35, which were paid from an accident and health policy carried by Charles McCauley, and $153.35 for executing a covenant not to sue Norman L. Soehnlin.

Claimant is hereby awarded the sum of $750.00.